**Carlo J. DeMARCO, Petitioner,**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 3, 1995.

Decided April 20, 1995.

**1360**

Lewis J. Bott, for petitioner.

Rodrigo J. Diaz and Earl R. Dryer, Asst. Counsels, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Carlo J. DeMarco (Petitioner) appeals from an order of the State Civil Service Commission (Commission) dismissing Petitioner's appeal from a suspension pending investigation and subsequent removal from employment, and also from an order from the Commission directing the Pennsylvania Liquor Control Board (Board) to remove Petitioner from Intermittent Liquor Store Clerk employment for violation of Section 905.2 of the Civil Service Act (Act).[1]

The facts are as follows. On March 9, 1993, while employed in a classified service position, Petitioner filed a nominating petition for the office of city council in the City of Hazleton. On or about April 21, 1993, Edwin Miller, District Manager for the Board, contacted the Election Board in Hazleton, which verified that Petitioner was running in the primary election for council. Miller phoned Petitioner to inform him that he was violating the Act by engaging in political activity, and that he had to either withdraw from the election or resign his position. Petitioner informed Miller that he had not been aware that he was violating the Act by running for office, and that it was too late to withdraw from the primary because the cut-off date for withdrawal had already passed. Miller responded that Petitioner could send a letter to the Election Board in order to withdraw, and such letter would constitute an official withdrawal, although Petitioner's name would still appear on the ballot. Petitioner did not write such a letter, but he testified that he telephoned Ellen Sacko at the Election Board who told him it was too late to withdraw.

Following this conversation, Miller sent Petitioner a pamphlet on the "Do's and

---

1. Act of August 5, 1941, P.L. 752, *as amended,* added by the Act of June 26, 1989, P.L. 47, 71 P.S. § 741.905b.

Don'ts of Political Activity," although according to Board records Petitioner had already received a copy of the employees' Code of Conduct during his new employee orientation. On May 18, 1993, Petitioner won the Republican nomination. In an interview with Petitioner published the next day in *The Hazleton Standard Speaker*, Petitioner did not express any intention to withdraw from the election. By memorandum dated May 19, 1993, Petitioner was informed that he was suspended pending investigation into Petitioner's conduct. Following such investigation and hearing, Petitioner was dismissed from his employment.

■ This Court's scope of review in civil service cases is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or necessary findings of fact were supported by substantial evidence. *McGuire v. Department of Aging*, 140 Pa.Commonwealth Ct. 378, 592 A.2d 830 (1991).

■ Initially, Petitioner claims that the Commission's adjudications were not supported by substantial evidence, because there was no evidence that he *intentionally* violated any provision of the Act as required under Section 906 of the Act,[2] which provides:

### § 741.906. Removal and disqualification of officers and employes

Except as otherwise provided in section 905.2 (Section 741.905b(f) of this title) any person holding a position in the classified service who intentionally violates any of the provisions of this act or of the rules made thereunder shall be immediately separated from the service. It shall be the duty of the appointing authority of the State Agency in which the offending person is employed to remove him at once in accordance with the provisions of this act. Any person removed under this section shall for a period of one year be ineligible for reappointment to any position in the classified service.

Petitioner claims that he wasn't aware that he could not run for office prior to his April 21, 1993 conversation with Mr. Miller, and that he never received any pamphlets prior to that time informing him of this prohibition. He also claims that he had every intention of withdrawing after the election, because he could not withdraw prior to that time. He states that it could, "hardly be expected for him to announce on the night that he won the primary election that he was withdrawing after receiving the support of the people in the city. He had ample time within which to do so after the election, but was not given that opportunity by the Commission."

■ We hold that there is substantial evidence to support the finding that Petitioner violated the Act's prohibitions against political activity. Moreover, we agree with the Commission that the Petitioner's knowledge of this prohibition and hence his intent to violate the act is legally irrelevant. By its very terms, Section 906 of the Act, which requires an intentional violation of the provisions of the Act for removal from classified service, exempts violations under Section 905.2 of the Act.

Petitioner was dismissed for violating Section 905.2 of the Act, which concerns prohibited political activity. The language of this section is straightforward and does not require, in any situation, that the employee must have acted with any intent or knowledge of the ban on political activity. Rather, Section 905.2(f), the subsection describing the results of violating the prohibitions against political activity, states:

(f) A person in the classified service who violates this section shall be removed from employment and funds appropriated for the position from which removed thereafter may not be used to pay the employe or individual: Provided, That, the commission at its discretion may impose a penalty of suspension without pay for at least thirty days, but not more than one hundred twenty days, if it finds that the violation does not warrant termination.

We have stated, when construing an older, substantially similar version of this section of

2. 71 P.S. § 741.906.

the Act,[3] that we will not require an element of intent when the legislature has clearly declined to include it in the statute. *McCormick v. Pennsylvania State Civil Service Commission,* 77 Pa.Commonwealth Ct. 498, 466 A.2d 273 (1983) (civil service employee dismissed for placing his name on the list of candidates for auditors of Logan Township). Therefore, because the statute does not require that there be an intentional violation of the Act, the evidence concerning Petitioner's knowledge or lack of knowledge of the prohibition against political activity is not relevant. There was substantial evidence adduced at the hearing that Petitioner ran for public office in violation of the Act, and therefore this was sufficient to support the Commissioners' decision to dismiss his appeal and order his discharge.

■ Petitioner next argues that he was denied due process of law in violation of the Pennsylvania and United States Constitutions by reason of the Commission's failure to: (1) give reasons for his removal; (2) consider the penalty of suspension as an alternative; and (3) give reasons why it failed to consider the option of suspension. He argues that the Commission failed to comply with the legislative requirements of: 1) Section 905.2(f) (providing that the Commission in its discretion may impose a penalty of suspension rather than termination); 2) Section 950,[4] (providing that notice of any suspension for cause or permanent suspension will set forth the reason or reasons for the particular personnel action); and 3) Section 951(d)[5] (providing that the Commission, in its discretion, may investigate, hold public hearings, record its findings and conclusions, and make such orders as it deems appropriate).

Petitioner claims that given that the Act clearly contemplates the penalty of suspension as well as removal from employment, and if the Act permits such a penalty and further requires that written reasons be provided to an employee and findings and conclusions be recorded by the Commission,

then it is logical that the Commission must consider, discuss, and give reasons for failing to choose the option of suspension rather than termination. Petitioner cites no cases to support his contention that such a failure constitutes a due process violation.

■ Section 905.2, which mandates termination for engaging in political activity and only allows the penalty of suspension "for at least thirty days, but not more than one-hundred twenty days" when in the Commission's discretion it finds that the violation does not warrant termination, cannot be read to require the Commission to give reasons for not choosing the option of suspension. Due process rights are satisfied if the Commission afforded reasonable notice of a hearing and opportunity to be heard. Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504. Notice to a party in an administrative proceeding must at least contain a sufficient listing and explanation of any charges so that the individual involved can know against what charges he must defend himself. However, a pre-termination notice of each and every allegation is not required. *Pennsylvania Social Services Union, Local 668 SEIU v. Department of Labor & Industry, Bureau of Workmen's Compensation,* 105 Pa.Commonwealth Ct. 264, 524 A.2d 1005 (1987).

There is no evidence in the record that the Commission failed to provide notice of the reasons for Petitioner's suspension, or failed to hold a hearing. A hearing was held in which Petitioner presented testimony, cross-examined witnesses, and gave a statement at the end of the hearing concerning his position. Therefore, we find no merit to Petitioner's claim that he was denied his due process rights.

■ Next, Petitioner claims that the Act, as applied to him, denied him equal protection of the law under the Pennsylvania and United States Constitutions in that it prohibited him from engaging in political activity, while exempting other state employees, who may serve in elected or appointed capacities

---

3. Section 904 of the Act, added by the Act of August 27, 1963, P.L. 1257. Section 904 was repealed by the Act of June 26, 1989, P.L. 47.

4. Added by the Act of August 27, 1963, P.L. 1257.

5. Added by the Act of August 27, 1963, P.L. 1257.

with municipal governments. He cites Section 7.1 of the State Adverse Interest Act,[6] which requires state employees serving as municipal officers to abstain from voting and submit a disclosure when there is a conflict, as evidence that not all state employees are prohibited from holding municipal office. He claims, therefore, that because some state employees are treated differently without valid justification, the guarantee of equal protection has been violated.

■ The Equal Protection Clauses of the Pennsylvania and United States Constitutions do not deny the state the power to treat different classes of persons in different ways. However, unless the legislation involves a suspect class or fundamental rights, the classification which results in differential treatment must be reasonable and not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly situated are treated alike. *Snider v. Thornburgh*, 496 Pa. 159, 436 A.2d 593 (1981). "The presumption of constitutionality and the concomitant judicial deference to the legislature applies where the enactment in question is challenged on equal protection grounds...." *Id.* at 166–167, 436 A.2d at 593.

■ Because the present case does not involve a suspect class or fundamental rights, *Smith v. Ehrlich*, 430 F.Supp. 818 (D.D.C. 1976), the classification must be presumed to be constitutional and it must be reasonably related to the object of the legislation. The object of the legislation prohibiting civil servants from engaging in political activity has been stated as the promotion and maintenance of the employees' integrity and impartiality and the increase of efficiency in the civil service. *Commonwealth v. Stauffer*, 309 Pa.Superior Ct. 176, 454 A.2d 1140 (1982).

Petitioner claims that there can be no rational basis for prohibiting him from running for city council while other state employees may hold municipal office and even abstain on issues when full disclosure is made. Petitioner does not identify who these other employees are, nor whether they are similarly situated to Petitioner.

In *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), the Supreme Court examined an Oklahoma statute very similar to Section 905.2 of the Act, and found that the appellant's claim that the Oklahoma statute violated the Equal Protection Clause of the Fourteenth Amendment by singling out classified service employees for restrictions on partisan political expression while leaving unclassified personnel free from such restrictions was without merit. It held, "the legislature must have some leeway in determining which of its employment positions require restrictions on partisan political activities and which may be left unregulated [citation omitted]. And a State can hardly be faulted for attempting to limit the positions upon which such restrictions are placed." *Id.*, at 607, n. 5, 93 S.Ct. at 2913, n. 5.

■ Given the similarity of statutes involved, we hold, as did *Broadrick*, that the legislative decision to exclude some state employees from the prohibition against political activity is not, on its face, violative of the Equal Protection Clause. Moreover, Petitioner has failed to identify which state employees are permitted to hold public office or whether those classes of persons prohibited from engaging in political activity are similarly situated to those who are not. We therefore find that Section 905.2, as applied to Petitioner, does not deny him equal protection of the law.

Accordingly, having found no merit to any of the arguments raised by Petitioner, we affirm the decisions of the Commission ordering the dismissal of Petitioner and denying his appeal.

### ORDER

AND NOW, this 20th day of April, 1995, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.

---

6. Act of July 19, 1957, P.L. 1017, *as amended*, 71 P.S. § 776.7a.