**COMMONWEALTH of Pennsylvania**

v.

**Sandra HOFFMAN, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on briefs Oct. 9, 2007.

Decided Dec. 11, 2007.

---

Tedd C. Nesbit, Grove City, for appellant.

William J. Madden, Sharon, for appellee.

BEFORE: COLINS and SIMPSON, JJ., and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Sandra Hoffman appeals the judgment of sentence entered in the Court of Common Pleas of Mercer County (trial court) which sentenced Hoffman to pay fines totaling $700.00 based upon the adjudication of guilt for Hoffman's seven violations of Section 829.09 of the Codified Ordinances (Ordinance)[1] of the City of Sharon (City).[2]

---

1. Chapter 829 of the Codified Ordinances provides, in pertinent part:

*SECTION 1.* **Preface**—The City of Sharon has recognized an increase in non-owner occupied and rental properties within the City. As a result, the City is desirous of taking measures to insure that properties offered for rent or occupancy within the City are safe, healthful and habitable.

\* \* \*

*SECTION 4.* **Definitions**—

(A) *Dwelling*—A building or roofed structure, consisting of one or more rooms which are enclosed by one or more walls, for the shelter, housing, residency, occupancy and/or for living or sleeping purposes for one or more persons.

(B) *Dwelling Unit*—A structure consisting of one or more rooms which are enclosed by one or more walls, for the shelter, housing residency, occupancy and/or for living or sleeping purposes of one or more persons.

(C) *Landlord*—An owner ... of any parcel of real estate located in the [City] upon which a dwelling or dwelling unit is located and which said dwelling or dwelling unit is one that is occupied or will or may be

We reverse the judgment of sentence and discharge Hoffman.

The facts as stipulated in the trial court reveal the following. Hoffman owns seven properties located at the following addresses in the City's Fourth Ward: (1) 678 Stambaugh Avenue; (2) 926 Sherman Avenue; (3) 554 Sherman Avenue; (4) 710 Stambaugh Avenue; (5) 702 Stambaugh Avenue; (6) 432 Baldwin Avenue; and (7) 172 White Avenue. There are tenants residing in each of the properties, and tenants have been continually residing in the properties since at least January 1, 2004. All of the tenants are on a month-to-month tenancy based on oral leases, and each tenancy is automatically renewed each month absent notice of termination by either Hoffman or the tenant. Hoffman has not received a license for any of the rental properties as required by Chapter 829 of the Ordinance because there were past due sewage charges owing for the properties at the time she had applied for the licenses with the City.

On August 14, 2006, citations were issued by the City's Code Enforcement Officer charging Hoffman with violating Section 829.09 of the Ordinance by failing to secure a rental license for each of the rental properties after receiving a twenty-day written notice from the officer.[3] On

offered or made available for occupancy by a person or persons other than the owner of the dwelling or dwelling unit. . . .

\* \* \*

SECTION 9. **Licensing And Inspections—** No Landlord as defined herein, shall allow a dwelling or dwelling unit to be occupied by a person, persons, or tenant as defined herein, other than the record owner of the dwelling or dwelling unit unless the landlord holds a valid, current license as prescribed by the Ordinance and issued by the Code Enforcement officer for the specified names and/or numbered regulated dwellings.

(A) *Procedure and Schedule for Licensing—*

(I) *[D]WELLING UNITS IN THE FOURTH WARD:* On or before March 31st, 2006, every landlord as defined herein shall apply for a license as required by this Ordinance for each of that landlord's dwelling units located in [the City]'s Fourth Ward. . . .

\* \* \*

*(VI) No license shall be issued unless and until all real estate taxes and sewer fees assessed against, or billed to, the dwelling or dwelling unit for which a license is applied for [sic], have been paid current to the date of the license being applied for. . . .*

\* \* \*

SECTION 15. **Violations; Licenses Revocation; Notice—**It shall be unlawful for any landlord to permit occupancy of any dwelling or dwelling unit or offer any dwelling or dwelling unit for occupancy to a person who is not the record owner of the dwelling or dwelling unit unless the landlord has obtained a license in accord with the provisions set forth herein. . . .

\* \* \*

SECTION 18. **Penalties—**Any person who shall violate any provision of this ordinance shall be fined and required to pay not more than $600 for each violation and/or shall serve a term of imprisonment not to exceed thirty (30) days for each violation. . . . Each day, or portion thereof, that a violation exists or continues, shall be deemed a separate offense, and punishable as such. . . . City of Sharon Codified Ordinances §§ 829.01, 829.04, 829.09(A)(I) & (VI), 829.15, 829.18 (emphasis added).

2. The City is a Third Class City. *See* 117 The Pennsylvania Manual 6–59 (2005).

3. As this Court has previously noted:

Although proceedings pursuant to municipal ordinance violations are civil in nature, where there is a provision in the ordinance that provides for imprisonment upon conviction or failure to pay a fine, they are treated as criminal proceedings and are governed by the Rules of Criminal Procedure. The person or persons charged with violating the ordinance for which imprisonment is available enjoys the same protections that are available to defendants in traditional criminal prosecutions. . . . *Commonwealth v. DeLoach,* 714 A.2d 483, 485 (Pa.Cmwlth.1998) (citations omitted).

September 29, 2006, a district justice adjudged Hoffman guilty of the violations and imposed fines and costs totaling $1,088.50.

 Hoffman appealed the convictions to the trial court, which conducted a *de novo* hearing on November 30, 2006. At the hearing, counsel for the Commonwealth and Hoffman's counsel entered the foregoing stipulated facts into the record. *See* N.T. 11/30/06[4] at 2–3. Following the hearing, the trial court issued an order stating that it had taken the case under advisement, and directed Hoffman to file a brief addressing her assertion that the Ordinance was unconstitutional because it violates her rights as guaranteed by the Due Process Clause of Section 1 of the Fourteenth Amendment to the United States

Constitution[5],[6], and because it interferes with her right to contract as guaranteed by Article 1, Section 17 of the Pennsylvania Constitution[7] and Article 1, Section 10, Clause 1 of the United States Constitution.[8] Ultimately, on January 19, 2007, the trial court issued an order denying Hoffman's constitutional claims, adjudicating Hoffman guilty of each violation of the Ordinance, and imposing a $100.00 fine for each violation of the Ordinance. Hoffman then filed the instant appeal.[9],[10],[11]

 In this appeal, Hoffman claims that the convictions for violating Chapter 829 of the City's Ordinance violate her due process rights as guaranteed by the United States Constitution and her right to contract as guaranteed by the Pennsylvania and United States Constitutions. Because

---

**4.** "N.T. 11/30/06" refers to the transcript of the *de novo* hearing conducted before the trial court on November 30, 2006.

**5.** Section 1 of the Fourteenth Amendment to the United States Constitution provides, in pertinent part, that "[n]or shall any State deprive any person of life, liberty, or property, without due process of law...." U.S. CONST. amend. XIV, § 1.

**6.** It should be noted that, like the United States Constitution, Article 1, Section 9 of the Pennsylvania Constitution provides, in pertinent part, that "[i]n all criminal prosecutions the accused ... cannot ... be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land...." PA. CONST. art. I, § 9. However, Hoffman solely relies on the United States Constitution in asserting a due process violation. As a result, we will not address the application of Article 1, Section 9 of the Pennsylvania Constitution in disposing of the instant appeal.

**7.** Article 1, Section 17 of the Pennsylvania Constitution provides, in pertinent part, that "[n]o ... law impairing the obligation of contracts ... shall be passed." PA. CONST. art. I, § 17.

**8.** Article 1, Section 10, Clause 1 of the United States Constitution provides, in pertinent

part, that "[n]o State shall ... pass any ... Law impairing the Obligation of Contracts...." U.S. CONST. art. I, § 10, cl. 1.

**9.** Hoffman initially filed her appeal to the Pennsylvania Superior Court. However, by *per curiam* order dated March 23, 2007, the Superior Court transferred the appeal to this Court.

**10.** This Court's scope of review of a judgment following a non-jury trial is to determine whether the findings of the trial court are supported by competent evidence, and whether the court committed error in the application of law. *Commonwealth v. Cosentino,* 850 A.2d 58 (Pa.Cmwlth.2004). As a reviewing court, this Court may not reweigh the evidence and substitute our judgment for that of the fact-finder. *Id.* Furthermore, the fact-finder is free to believe all, part or none of the evidence presented. *Id.*

**11.** While the instant appeal was pending, it became apparent that an omission in the certified record required remand to the trial court for correction of the record pursuant to Pa.R.A.P. 1926. We wish to express our gratitude to the president judge of that court, the Honorable Francis J. Fornelli, for the dispatch with which the certified record was corrected and returned to this Court.

the instant convictions are based upon a void ordinance, we agree that its continued enforcement would violate Hoffman's due process rights.[12]

In *Trigona v. Lender*, 926 A.2d 1226 (Pa.Cmwlth.2007), the City of Jeanette adopted an ordinance prohibiting the issuance of licenses and permits pertaining to real property in Jeanette if the applicant owes real estate taxes or municipal debt.[13] A corporation filed an action in the Court of Common Pleas of Westmoreland County alleging, *inter alia*, that the ordinance was a tax collection device not authorized by the Third Class City Code[14], and seeking a declaration that the ordinance exceeded Jeanette's statutory authority. The court found that the intent of the ordinance was to sanction persons delinquent in the payment of taxes and, as a result, served as a tax collection device. The court also found that the Third Class City Code did not authorize the enactment of the ordinance. As a result, the court determined that the ordinance was invalid.

On appeal to this Court, Jeanette maintained that the ordinance was a valid exercise of its police power, and that it possessed inherent rights under the Third Class County Code, the Local Tax Enabling Act[15], and the statute commonly known as the Municipal Claims and Tax Liens Act (Municipal Claims Act)[16], to withhold licenses and permits as a means of collecting real estate taxes and municipal debt. In rejecting these assertions, this Court stated the following, in pertinent part:

> The Supreme Court recently explained the difference between real estate taxes and other municipal claims:
>
> > Historically, the legislature divided taxes into two categories: general and special taxes. *General taxes were levied by a municipality to pay for its expenses, compelling all citizens and property within its limits to contribute.* [. . .] *Special taxes, on the other*

12. *See, e.g., Commonwealth v. Michuck*, 454 Pa.Super. 594, 686 A.2d 403, 407 (1996), *petition for allowance of appeal denied*, 548 Pa. 668, 698 A.2d 593 (1997) ("An unconstitutional statute 'is ineffective for any purpose since its unconstitutionality dates from the time of its enactment and not merely from the date of the decision holding it so.' As stated by our Supreme Court: [A] court does not have power to enforce a law which is no longer valid.... To do otherwise in criminal proceedings is to impose an unwarranted hardship on defendants which affects their most fundamental rights of life and liberty, while serving no legitimate societal interest in applying an offensive law no longer valid ....") (citations omitted).

13. It should be noted that Article 2, Section 1 of the Pennsylvania Constitution provides, in pertinent part, that "[t]he legislative power of this Commonwealth shall be vested in a General Assembly...." PA. CONST. art. II, § 1. As the Pennsylvania Supreme Court has noted:

> We initiate our inquiry with a restatement of a concept basic and inherent in our form

of government, a concept established beyond question in the law of this Commonwealth. The power of taxation, in all forms and of whatever nature, lies solely in the General Assembly of the Commonwealth acting under the aegis of our Constitution. Absent a grant or delegation of the power to tax from the General Assembly, no municipality ... has *any* power or authority to levy, assess or collect taxes. To determine whether a municipality possesses the power to tax and, if so, the extent of such power, recourse must be had to the acts of the General Assembly.

*Mastrangelo v. Buckley*, 433 Pa. 352, 362, 250 A.2d 447, 452–453 (1969) (footnotes omitted and emphasis in original).

14. Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §§ 35101–39701.

15. Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§ 6901–6930.13.

16. Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7105–7505.

*hand, were levied by a municipality on certain properties to pay for improvements that only enhances the value of the specially taxed property. Today, the General Assembly continues to differentiate between the legal claims arising from these two types of assessments, calling claims arising from unpaid general taxes as "tax claims" and claims arising from unpaid special taxes as "municipal claims".* Specifically, Section [1 of the Municipal Claims Act] defines a "tax claim" as a "claim filed to recover taxes." 53 P.S. § 7101. Meanwhile, "municipal claim" is defined as a claim arising out of or resulting from a tax assessed by a municipality to recover for a taxpayer's benefits from local improvements, services supplied, work done, or improvements authorized and undertaken by the municipality[. . . .] Thus, [the Municipal Claims Act] makes an explicit distinction between tax claims filed as a result of unpaid general taxes, . . . and municipal claims filed as a result of unpaid special taxes.

This distinction is further observed in the statutory collection methods authorized by the Municipal Claims Act and the Third Class City Code. Section 1 of the Municipal Claims Act[, Act of March 21, 1945, P.L. 47, *as amended,* 53 P.S. § 7102,] sets local taxes as first liens on real property when assessed by the proper authority. Similarly, Section 3 of the Municipal Claims Act, 53 P.S. § 7106, provides all municipal claims are liens on the improved property when assessed. In accord with these provisions, Sections 9 through 11, 53 P.S. §§ 7143–45, set forth the time, place and manner of filing of claims. Consistent with the Municipal Claims Act, the Third Class City Code requires the city treasurer to schedule uncollected taxes

for the purpose of lien or sale. Sections 2537 and 2541 of the Third Class City Code, 53 P.S. §§ 37537 and 37541.

A third class city derives its municipal claims collection authority from the Third Class City Code. In particular, Section 3302 of the Third Class City Code, 53 P.S. § 38302 authorizes assessment collection in the same manner as the collection of municipal claims. Municipal claims collection is governed by Section 4601 of the Third Class City Code, 53 P.S. §§ 39601. In addition to the filing of liens, Section 4601 authorizes third class cities to proceed in assumpsit against the appropriate property owner. The Third Class City Code is consistent with Section 1 of the Municipal Claims Act, which authorizes other municipal corporations to pursue actions in assumpsit in addition to filing liens for the collection of municipal claims. 53 P.S. § 7251.

The above statutory provisions provide an exclusive framework for the collection of real property taxes and municipal claims by third class cities. Municipal claims are creatures of statute; and any right to enforce collection is also statutory.

*Trigona,* 926 A.2d at 1234–1235 (citations and footnotes omitted and emphasis in original). As a result, this Court concluded that Jeanette lacked the express, implied and necessary power to enact the ordinance to withhold licenses and permits as a means of collecting real estate taxes and municipal debt. *Id.* at 1235–1236.

As an additional reason for concluding that the enactment of the ordinance was beyond Jeanette's municipal powers, this Court noted:

[T]he Ordinance here imposes a disability on a delinquent property owner, not on delinquent property. It raises,

therefore, a procedure against persons, as opposed to an *in rem* or property-based remedy....

However, the statutory provisions discussed above restrict the collection of municipal obligations to those directly associated with the particular property for which the taxes or claims are owed. For this reason, the Ordinance creates an impermissibly broad remedy.

*Id.* at 1236 (citations omitted).

Based on the foregoing, it is clear that the City lacked the express, implied and necessary power to enact the provisions in the Ordinance to withhold licenses and permits as a means of collecting real estate taxes and municipal debt. *Id.* As a result, the provisions in the Ordinance authorizing the imposition of civil fines and imprisonment are void. *Id.* Because the judgment of sentence in this case is based upon these void provisions in the Ordinance, it must be reversed and Hoffman must be discharged. *Michuck.*

Accordingly, the judgment of sentence is reversed, and Hoffman is discharged.

### ORDER

AND NOW, this 11th day of December, 2007, the judgment of sentence entered in the Court of Common Pleas of Mercer County, dated January 19, 2007 at No. 71 SA 2006, 72 SA 2006, 73 SA 2006, 74 SA 2006, 75 SA 2006, 77 SA 2006 and 78 SA 2006, is REVERSED, and Sandra Hoffman is DISCHARGED.