**5708 K&T, INC.**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD**

**Appeal of: Pennsylvania State Police, Bureau of Liquor Control Enforcement.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 2008.

Decided June 13, 2008.

---

**1.** Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 8106.1–A through 8112–A.

James E. Dailey, Asst. Counsel and Thomas M. Ballaron, Supervising Attorney, Philadelphia, for appellant.

No appearance entered on behalf of appellee.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which granted 5708 K & T, Inc.'s (K & T) appeal and reversed the decision of the Pennsylvania Liquor Control Board (Board), finding that the citations at issue are not enforceable. We affirm.

Section 407 of the Liquor Code, 47 P.S. § 4–407 sets forth the requirements for the sale of malt or brewed beverages by liquor licensees.[1]

In 2004, Section 407 of the Liquor Code, 47 P.S. § 4–407 (2004) then provided:

Every liquor license issued to a hotel, restaurant, club, or a railroad, pullman or steamship company under this subdivision (A) for the sale of liquor shall authorize the licensee to sell malt or brewed beverages at the same places but subject to the same restrictions and penalties as apply to sales of liquor, except that licensees other than clubs may sell malt or brewed beverages for consumption off the premises where sold in quantities of not more than one hundred ninety-two fluid ounces in a single sale to one person. No licensee under this subdivision (A) shall at the same time be the holder of any other class of license, except a retail dispenser's license authorizing the sale of malt or brewed beverages only.[2]

On October 27, 2005, the Philadelphia City Council (Council) denied K & T's application for an "Off Premises Sales Permit" (Permit) for its restaurant.

On July 7, 2005, Section 407 of the Liquor Code, 47 P.S. § 4–407, was amended by the enactment of Section 4 of Act 39 of 2005. The addition to Section 407 was to take effect in 60 days and added in pertinent part as follows:

(b)(1) Notwithstanding subsection (a), after October 31, 2005, a restaurant licensee located in a city of the first class who is otherwise permitted to sell malt or brewed beverages for consumption off the premises may not do so unless it acquires a permit from the board.

---

1. Act of April 12, 1951, P.L. 90, *as amended.*

2. Thus, in 2004, a permit was not required to sell less than one hundred ninety-two fluid ounces of beer to one person for consumption off premises.

47 P.S. § 4–407(b)(1) (2005).[3]

On November 2, 2005, K & T appealed the denial of its Permit Application to the trial court. On appeal, K & T was denied its request for a stay of the permit denial.

On February 4, 2006, an enforcement officer from the Bureau entered K & T, observed a man behind the counter serving approximately eleven patrons and a sign on the counter which stated, "we cannot sell beer to go. . . ." The enforcement officer asked the employee for a bottle of Budweiser beer to go. The employee removed the beer from the cooler behind the counter, put it in a small paper bag and then placed it into a plastic grocery sack. The enforcement officer paid the employee for the beer and then left K & T with the beer.

On March 27, 2006, a second enforcement officer consulted the Philadelphia District file and verified that K & T did not have a Permit. On that same date, that enforcement officer entered K & T, observed two employees serving two patrons and a sign on the counter which indicated that they did not sell beer to go. The enforcement officer asked the employee for a can of Steel Reserve beer to go. The employee retrieved the beer, placed it and a straw in a bag and placed the bag in front of the officer. The enforcement officer paid for the beer and left the premises with the beer. The enforcement officer met another enforcement officer outside and informed him that he had purchased

beer to go. Both officers then entered K & T, identified themselves to the employee and performed a routine inspection.

On April 4, 2006 and May 9, 2006, the Bureau issued citations to K & T, for violating Section 407 of the Liquor Code, 47 P.S. § 4–407 (2005). The Bureau alleged that on February 4, 2006 and March 27, 2006, K & T, by its servants, agents or employees, sold malt or brewed beverages for consumption off premises in violation of Section 407 of the Liquor Code.

On September 7, 2006, a hearing was held before the Board's Office of Administrative Law Judge (ALJ). The parties stipulated to the facts of each citation and both citations were consolidated for all purposes. On November 20, 2006, the ALJ sustained the citations and imposed a total fine of $400.00 and imposed one (1) point against K & T.[4] Thereafter, K & T appealed to the Board.

On February 27, 2007, the Board affirmed the decision of the ALJ and, thereafter, K & T appealed to the trial court. On October 3, 2007, the trial court conducted a *de novo* hearing. The Bureau presented the certified record from the Board hearing. The trial court granted K & T's appeal and reversed the decision of the Board based upon the trial court's decision in *USA Deli, Inc. v. City of Philadelphia*, 2006 WL 2613546, 2006 Phila. Ct. Com. Pl. LEXIS 297 (filed May 16, 2006). The trial court determined that it could not enforce citations that were issued un-

---

**3.** The amendment to Section 407 of the Liquor Code required that, after October 31, 2005, liquor licensees located within the City of Philadelphia (City) obtain a Permit from the Board and all licensees were prohibited from selling any malt or brewed beverages for take out purposes unless they obtained a Permit.

**4.** The point system was enacted by Act 239 of 2004 and amended by Act 39 of 2005, 47 P.S.

§ 4–479. Section 479 of the Liquor Code sets forth a system where a licensee located in cities of the first class are to be given points based upon the severity of the violations charged and sustained. As of June 30, 2007, the point system, as per statutory language, was due to sunset. As of this time, there has been no legislation which has reenacted the point system.

der a procedure that is now considered unconstitutional.[5] The Bureau appealed to our Court.[6]

■ The Bureau contends that the trial court abused its discretion and committed an error of law in failing to find a violation of Section 407 of the Liquor Code and by finding that *USA Deli* was the governing law in this matter.

In *USA Deli*, Council denied USA Deli and Three Main Inc.'s requests for approval to obtain Permits to sell alcoholic beverages to go. In both of those cases, Council posted the Permit application, the hearing examiner recommended approval to Council, a Council member protested against the applicant's request and Council, thereafter, denied the Permit. On appeal, the trial court determined that the process for obtaining a Permit was unconstitutional. The trial court reasoned as follows:

> Council promulgated the rules of procedure to be followed in Act 39 adjudications (legislative). Act 39 gives a Council person the power to protest against an individual applicant in an adversarial manner (prosecutorial). Council is then responsible for the decision to approve or deny the applicant's request for approval for a permit (adjudicative). Thus, City Council is in command of the legislative, prosecutorial and adjudicative functions of the Act 39 conceptual framework.

*USA Deli*, 2006 WL 2613546, 2006 Phila. Ct. Com. Pl. LEXIS at 8–9. The trial court further stated that "there is no automatic stay or supersedeas following appeal of the Council's decision … [and] there is

no procedure for an applicant to even *request* a stay from City Council." Id., 2006 WL 2613546, 2006 Phila. Ct. Com. Pl. LEXIS, at 13 (emphasis in original). The trial court concluded that "Act 39 adjudications violate *due process of law under the* Pennsylvania Constitution and the *Fourteenth Amendment of the U.S. Constitution* by allowing the Philadelphia City Council to commingle legislative, prosecutorial and adjudicative functions." Id., 2006 WL 2613546, 2006 Phila. Ct. Com. Pl. LEXIS, at 14 (emphasis in original). The trial court reversed the decision of Council and remanded to Council for proceedings consistent with the opinion.

In the present controversy, the trial court looked at the fact that adjudications under Act 39, 47 P.S. § 4–407 (2005), were found to be unconstitutional in *USA Deli*, as the Act 39, 47 P.S. § 4–407 (2005) process allowed Council to commingle legislative, prosecutorial and adjudicative functions, in violation of due process of law. The trial court determined that because the citations in this case were issued after K & T had been denied due process of law in its attempt to secure a Permit, that the citations were not enforceable. The trial court stated in pertinent part as follows:

> Let me make my decision clear on the record … that Mr. McCreesh's clients who had no notice of any new procedures at the time that they have been cited for, which was back in February and March of 2006, cannot be held responsible for selling at that time where there was an impossibility … of performance to get the permits. I leave

---

5. A new procedure for obtaining a permit to sell malt beverages has been enacted. However, the citations issued in this case, were issued prior to the *USA Deli* decision and were, thus, issued under the unconstitutional provisions.

6. Our review is limited to determining whether the decision of the trial court is based on substantial evidence and whether the trial court abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board v. Backer,* 113 Pa.Cmwlth. 373, 537 A.2d 100 (1988).

very well open any citations that might have issued after the July date that the new procedures went into effect.

Notes of Testimony, October 3, 2007, at 26–27. The trial court noted in its opinion that "While this Court understands the reasoning of the Board and its need for strict regulation of off premises beer sales, nevertheless, this Court must be mindful that the government cannot take, without due process, from those who have been living off those sales for many years. It is that dynamic that forms this decision but both positions have merit." Trial Court Opinion, November 27, 2007, fn. 2, at 2–3.

The Bureau states that the facts, as stipulated to by the parties before the ALJ and the trial court, prove that K & T sold malt or brewed beverages for consumption off premises at a time when it did not possess a Permit. Therefore, the trial court erred in finding that K & T did not violate Section 407 of the Liquor Code, 47 P.S. § 4–407 (2005), by selling the malt or brewed beverages for consumption off premises. The Bureau had proven a violation of the Liquor Code and the trial court erred in not finding such violation.

The Bureau further argues that the trial court's decision in *USA Deli* did not compel the trial court to dismiss the citations in the present controversy, as *USA Deli*

did not affect the constitutionality of the underlying requirement to possess a Permit issued by the Board prior to selling malt or brewed beverages for consumption off premises. The Bureau admitted that Act 39 of 2005 was unconstitutional with regard to the procedure. The Bureau states that the trial court's decision in *USA Deli* did not eviscerate Act 39 in its entirety, but merely found that the process by which a licensee must request approval from the City under Section 407 of the Liquor Code, was unconstitutional. *USA Deli* did not find unconstitutional the underlying requirement set forth in Act 39 to apply for and possess a Permit issued by the Board prior to selling malt or brewed beverages for consumption off premises. The Bureau further offers that the state of the law when the citations were issued to K & T was the law as it existed prior to the decision in *USA Deli* since *USA Deli* was decided May 15, 2006, and the citations were issued on April 4, 2006 and May 9, 2006, for violations that occurred on February 4, 2006 and March 27, 2006, respectively.[7] The Bureau argues that the trial court erred in not sustaining the citations, as K & T did not have the Board's authority to sell beer to go and it had not secured a stay from the trial court enjoining the enforcement of Section 407 of the Liquor Code.[8]

7. We note that unconstitutionality dates from the time of its enactment, not from the date of the court's decision holding it unconstitutional. *Commonwealth v. Michuck*, 454 Pa.Super. 594, 686 A.2d 403 (1996), *petition for allowance of appeal denied*, 548 Pa. 668, 698 A.2d 593 (1997). Thus, the state of the law would have been that of 47 P.S. § 4–407 (2004), prior to the enactment of Act 39 (2005). In 2004, no permit was required for the sale of beer to go.

8. Additionally, the Bureau asks that we consider that there is no retroactive effect for Act 84 of 2006 and Act 155 of 2006. Act 84 became effective on September 6, 2006 and

restated the procedure for applying for a permit under Act 39 and re-affirmed the statutory requirements to hold a Permit prior to sales of beer for off-premises consumption. The only change to the statute was to make the Permit valid for a period of two years. The amendment did not alter the requirement to possess a Permit after October 31, 2005, if an establishment wished to sell beer to go. Act 155 made additional changes in Section 407 but did not change the requirement of possessing a Permit prior to selling malt or brewed beverages for off premises consumption. This amendment took effect on November 29, 2006, and does not state that it is retroactive. We have considered these issues

A review of the record reveals that K & T had been denied the Permit on October 27, 2005, based upon the unconstitutional procedure. K & T had appealed that decision and had requested a stay, which had been denied. K & T continued to sell the alcoholic beverages to go, even though they did not have the Permit. K & T was then cited for such conduct. The trial court determined the citations were invalid, as the procedures for securing a Permit under Act 39, 47 P.S. § 4–407 (2005) had been found unconstitutional in *USA Deli.*

■ The general rule followed in Pennsylvania is that we apply the law which is in effect at the time of the appellate decision and that we adhere to the principle that, "a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." *Blackwell v. Commonwealth,* 527 Pa. 172, 182, 589 A.2d 1094, 1099 (1991). K & T had appealed the Board's decision to the trial court. Thus, the trial court was correct in relying upon the fact that the Permit process had been found unconstitutional prior to its making a decision. The trial court, in reviewing the matter *de novo,* looked at the fact that the Permit process was found to be unconstitutional in *USA Deli.* Further, the trial court looked at the fact that K & T was denied due process of law in attempting to secure the required Permit. The trial court determined that, as it was impossible for K & T to secure a Permit, it was unjust for K & T to be cited for failure to secure such Permit. A citation that has been appealed will not be upheld if the citation was based upon a statute that has been found unconstitutional, irrespective of whether the unconstitutional provisions are substantive or procedural. *See Michuck,* 454 Pa.Super. 594, 686 A.2d 403 (unconstitutional statute is ineffective for any purpose. Unconstitutionality dates from the time of its enactment, not from the date of the decision holding it so. A court does not have the power to enforce a law which is no longer valid); and *Commonwealth v. Hoffman,* 938 A.2d 1157 (Pa.Cmwlth.2007)(judgment based upon void provisions in ordinance is reversed)

In the case sub judice, Act 39 was unconstitutional from July 7, 2005, the date of its enactment, which was prior to February and March of 2006, the date of the offenses alleged under its provisions. As such, the controlling law on the date of the offenses alleged was Section 407 of the Liquor Code, 47 P.S. § 4–407 (2004), by virtue of which no permit was required to sell one bottle or one can of beer to take out.

In conducting a *de novo* review, the trial court may make its own findings of fact and reach its own conclusions based upon those findings. Here, the trial court properly reversed the Board's determination, finding that the citations were not valid, as they were based upon the unconstitutional process in Section 407 of the Liquor Code, 47 P.S. § 4–407 (2005).

Accordingly, we must affirm the order of the trial court.

### ORDER

AND NOW, this 13th day of June, 2008 the Order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

in making our determination, but do not believe they need be addressed further.