595 A.2d 224

**Sophie MASLOFF, Mayor of the City of Pittsburgh; Glenn Cannon, Director of Department of Public Safety; Charles Dickinson, Fire Chief, and the City of Pittsburgh Civil Service Commission, Appellants,**

v.

**Tommie BASCOVSKY, Richard Foust, Susan Pickett, Roxane Kearns and Kateri Sullivan, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 29, 1991.

Decided July 9, 1991.

Reargument Denied Aug. 26, 1991.

126

Joseph F. Quinn, Pittsburgh, for appellant.

Paul D. Boas, Pittsburgh, for appellee.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

This is an appeal by Sophie Masloff, the Mayor of the City of Pittsburgh, Glenn Cannon, the Director of the Department of Public Safety, Charles Dickinson, Fire Chief, (collectively the Appointing Authority) and the City of Pittsburgh Civil Service Commission (Commission) from an order of the Court of Common Pleas of Allegheny County granting the motion for peremptory judgment in mandamus filed by Tommie Bascovsky, Richard Foust, Susan Pickett, Roxane Kearns and Kateri Sullivan (Firefighters).

The relevant facts are not in dispute. On April 24, 1989, the Firefighters entered a training academy of the City's Department of Public Safety. On July 17, 1989, the eighty-fifth day of the probationary period for some of the Firefighters, and July 19, 1989, the eighty-seventh day of probation for others, the Firefighters received termination letters. They appealed to the Commission and filed a motion to set aside the discharges based upon the City's failure to comply with the notice requirement in Section 20 of what is

commonly known as the General Civil Service Act.[1] The Commission granted the motion. Their decision stated:

> For all the foregoing reasons, the [Firefighters'] Motion and appeal should be granted, and they should be reinstated as probationary firefighters on their eighty-fifth day and eighty-seventh day of probation, respectively, without prejudice to the Directors [sic] authority under § 8 and § 20.

The Commission's order read:

> AND NOW, THIS 3rd DAY OF October, 1989, it is hereby ordered that the motion to set aside discharge and appeals of [Firefighters] are granted; that Richard Foust, Roxane Kearns and Kateri Sullivan are reinstated as probationary firefighters on the eighty-fifth day of their probationary period, and that Susan Pickett, Henry Goliant,[2] and Tommie Bascovsky are reinstated as probationary Firefighters on the eighty-seventh day of the probationary period. The reinstatements are without prejudice to the Director of the Department of Public Safety's authority under Sections eight and twenty of the General Civil Service statute. . . .

The Commission's order was not appealed.

In early November 1989, the individual Firefighters were notified that reinstatement would take place either on Monday, November 27th or Wednesday, November 29 of 1989 in accord with whatever time remained of their probationary period. Thereafter, on or about December 1, 1989, each of the Firefighters was advised that he or she would not receive final appointment and was dismissed from employment. The Firefighters then wrote to the Commission appealing their dismissals and the Commission responded by denying the appeals "for the reason that the failure to receive final appointment at the end of a probationary period is not a matter which can be appealed to the Commission."

---

1. Act of May 23, 1907, P.L. 206, 53 P.S. § 23453.
2. Henry Goliant is not a party in the instant mandamus action.

Thereafter, on January 31, 1990, the Firefighters filed a complaint in mandamus in the common pleas court averring that the order of the Commission reinstated the Firefighters effective on the date the order was entered (October 3, 1989) and that their probationary periods resumed the day of that order. Consequently, they asserted, they had finished their probationary periods three (or five) days after October 3 and had, in fact, attained regular status previous to their actual return to duties in late November and their ultimate discharges in early December.

Following the filing of an answer to the complaint, the Firefighters filed a motion for peremptory judgment which was granted. In that motion the Firefighters maintained that the order had reinstated them effective October 3rd. Alternatively, they asserted that because nothing in the Firemen's Civil Service Act limited the appeal rights of a probationary employee, they, like their regular-status counterparts, were entitled, if discharged, to a hearing before a fire board and could not just be summarily discharged at the end of the ninety-day probationary period without just cause.

The trial court determined that the Commission's order had in fact reinstated the employees on October 3rd and, hence, that their removal as probationary status employees was improper. Accordingly, it did not reach the alternative theory that the Firefighters were entitled to a hearing before a fire board. Subsequent to the trial court's determination, the Appointing Authority and the Commission appealed to this Court.

On appeal here we must first consider whether we are faced with a jurisdictional defect. The Appointing Authority and the Commission have appealed from the grant of a motion for peremptory judgment. This was procedurally improper. What they should have done is petitioned the lower court to open the judgment and then, subsequently, had the court declined to do so, appealed from the denial of the petition. *Hamby v. Stoe*, 448 Pa. 483, 295 A.2d 309 (1972). Although recognizing this proce-

dural requirement in *Hamby,* this Court in *Penn Advertising, Inc. v. Kring,* 129 Pa.Commonwealth Ct. 402, 403 n. 1, 565 A.2d 1238 n. 1 (1989), *petition for allowance of appeal denied,* 525 Pa. 622, 577 A.2d 893 (1990), noted that because the standard for granting a peremptory judgment pursuant to Pa.R.C.P. No. 1098 is the same standard that governs disposition of motions for summary judgment under Pa. R.C.P. No. 1035, we can, in situations where the pleadings are closed, deem the motion for peremptory judgment as one for summary judgment. Inasmuch as the pleadings are closed in this case we shall, in the exercise of our discretion, do so. *Penn Advertising.* In treating the motion as such we must decide, therefore, whether there exists any genuine issue of material fact and whether the Firefighters are entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b).

■ The trial court concluded that because the Commission's order stated that the Firefighters "are reinstated" without stating or implying any effective date other than October 3, 1989 the Commission's order was, in effect, self-executing. In so doing it relied upon this Court's decision in *Department of Welfare v. Sanders,* 102 Pa.Commonwealth Ct. 426, 518 A.2d 878 (1986). We do not find *Sanders* to be dispositive. In *Sanders* a state civil servant had been removed during his probationary period. The State Civil Service Commission sustained his appeal. It did so, however, by sua sponte determining that the signatory authority on the removal letter was improper. This Court held that the State Civil Service Commission erred in raising the issue sua sponte and, accordingly, reversed and remanded the case. We can see nothing in *Sanders* which suggests that a determination was made that the State Civil Service Commission's order was or was not self-executing. And, in fact a review of the paperbooks filed in that case discloses that the Commission actually directed that Sanders be returned to duty:

as Therapeutic Recreational Services Leader, probationary status, within thirty (30) calendar days following receipt of a copy of this Adjudication and order.... Thus, in fact, the State Civil Service Commission drafted an order that provided for a thirty-day compliance period.

As noted, the order in the instant case does not expressly provide for an effective date. We believe, however, that the Commission is without authority to reinstate an employee. Rather, we agree with the City's position that the Commission can only *direct* reinstatement. Section 6 of what is colloquially referred to as the Firemen's Civil Service Act[3] states that "[i]f the Civil Service Commission shall fail to sustain the action of the removing officer, the person sought to be removed shall be reinstated...." The language does not indicate *who* shall reinstate; thus an ambiguity exists and resort to the rules of statutory construction is proper.[4]

Under those rules we are advised that in construing a statute legislative intent controls;[5] that when a statute is ambiguous a court may consider *inter alia,* the object to be obtained by the statute[6] and the consequences of a particular interpretation;[7] and, that a court should presume that the legislature intends to favor the public interest over private interests.[8] Using these principles to guide us, we first recognize that the purpose of a civil service system is to promote greater efficiency and economy in government by appointing and promoting employees

**3.** Act of June 27, 1939, P.L. 1207, *as amended,* 53 P.S. § 23496.

**4.** We acknowledge that Section 6 concerns fire board-type hearings. There is, however, no other section in either the Firemen's Civil Service Act or the General Civil Service Act which addresses this point and we cannot, in any event, see why the Commission's power to direct reinstatement would be different based upon the status of the employee.

**5.** 1 Pa.C.S. § 1921(a).

**6.** 1 Pa.C.S. § 1921(c)(4).

**7.** 1 Pa.C.S. § 1921(c)(6).

**8.** 1 Pa.C.S. § 1922(5).

based upon merit and fitness.[9]   Were we to hold that the Commission's order here was self-executing the result would be to allow the Firefighters to attain *de facto* regular status.   Obviously, such a result is contrary to the reasons for having probationary status and to the goal of a civil service system.   Certainly in positions such as the instant ones, which involve direct responsibility for the safety of the public, the Appointing Authority has a great interest in seeing that only those persons it deems most suited for the positions attain regular status.   This result does not mean, however, that an employee would be without a remedy were the Appointing Authority recalcitrant.   In such a situation we suggest that a petition to enforce or a petition for contempt could be filed with the common pleas court.[10]

▇ Although the trial court did not decide the alternative legal question of whether a probationary employee is entitled to a trial before the fire board under the Firemen's Civil Service Act if discharged, in the interest of judicial economy we will not remand but will decide this question of law ourselves.

Section 8 of the General Civil Service Act, 53 P.S. 23440, provides:

> All original appointments to competitive and noncompetitive classes of the service shall be for a probationary period of three months. . . .   If at the close of this probationary term the conduct or capacity of the probationer has not been satisfactory to the appointing officer the probationer shall be notified in writing that he will not receive absolute appointment whereupon his employment

9. *See generally,* Section 2 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.2.

10. As to the argument made by the Firefighters that the Appointing Authority has waived the issue of whether the Commission's order was self-executing by failing to appeal that order, we hold that there has been no waiver.   It was not until the Firefighters asserted their position that they had gained *de facto* regular status prior to returning to duty that the Appointing Authority was even aware that there was a question as to the effective date of the October order.   Accordingly, we hold no waiver occurred.

shall cease; otherwise, his retention in the service shall be equivalent to his final appointment.

As noted, this provision appears in the general Civil Service Act. In contrast, Section 5 of the Firemen's Civil Service Act, 53 P.S. § 23495, expressly establishes the right of a *regular* status firefighter to a hearing before a fire board to contest his removal. We held in *Civil Service Commission, City of Pittsburgh v. Paieski*, 126 Pa.Commonwealth Ct. 263, 559 A.2d 121 (1989), *petition for allowance of appeal denied*, 524 Pa. 635, 574 A.2d 75 (1990), that the General Civil Service Act and the Act of August 10, 1951, P.L. 1189, *as amended*, 53 P.S. §§ 23531–23540, (commonly known as the Policemen's Civil Service Act) must be read in *pari materia*. We hold that the same is true for the Firemen's Civil Service Act and the General Civil Service Act. And, because the Firemen's Civil Service Act is silent on whether a discharged probationary employee is entitled to any hearing at all, much less what type, we conclude that Section 8 of the General Civil Service Act controls. Thus, the Firefighters, being probationers, were not entitled to a hearing before the fire board.[11]

Accordingly, based upon the foregoing opinion, the order of the Court of Common Pleas of Allegheny County is reversed.

## ORDER

NOW, July 9, 1991, the order of the Court of Common Pleas of Allegheny County in the above captioned matter is hereby reversed.

PELLEGRINI, J., did not participate.

11. It does not escape our notice that the Firefighters *were* given a hearing by the Commission *during* their probationary period on the issue that certain notice provisions were not complied with but were denied any hearing at all by the Commission once their full probationary period had allegedly run. Since the Commission's first order directing reinstatement was never appealed by the Appointing Authority, the question of whether the Firefighters were ever entitled to that hearing is not before us.