# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Germantown Cab Company       :
                             :
          v.                    :
                             :

Philadelphia Parking Authority,    :   No. 963 C.D. 2016
               Appellant   :   Submitted: September 30, 2016

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE JOSEPH M. COSGROVE, Judge

OPINION BY
JUDGE COSGROVE               FILED: April 20, 2017

The Philadelphia Parking Authority (PPA) appeals from a May 13, 2016 order of the Court of Common Pleas of Philadelphia County (trial court) which reversed the decision of a PPA Hearing Officer finding Germantown Cab Company (Germantown Cab) liable for a $350 fine for failing to install a protective shield in one of its partial-rights taxi cabs. Upon review, although on different grounds, we affirm the trial court order, finding that the regulation is invalid and unenforceable.[1]

On January 31, 2014, Germantown Cab vehicle G-13 was impounded after the Philadelphia Police stopped the vehicle and determined the driver was unlicensed. On March 5, 2014 Inspector McKeown of the Taxi and Limousine Division (TLD) of the PPA completed an inspection of vehicle G-13. A citation was issued after the inspector determined that the cab did not have a protective

---

[1] An appellate court may affirm the trial court for grounds different than those relied upon by the trial court when other grounds for affirmance exist. *Evans v. Thomas Jefferson University,* 81 A.3d 1062 (Pa. Cmwlth. 2013).

shield separating the driver and back seat, as required by Section 1017.5(b)(12) of Title 52 of the Pennsylvania Code (PPA's 2011 regulations).[2] A penalty in the amount of $350 was issued against Germantown Cab, which contested the penalty on the grounds that the PPA lacked authority over the cab at the time the penalty was issued.

Following a hearing held on January 21, 2015, a Hearing Officer for the PPA found vehicle G-13 was being operated in Philadelphia when stopped by police, it was listed by Germantown Cab as a vehicle designated to provide taxicab service in Philadelphia, and it was therefore subject to the rules and regulations of the PPA. (Reproduced Record (R.R.) at 187a.) The PPA Hearing Officer concluded the TLD met its burden to show that Germantown Cab committed the violation and upheld imposition of the fine. *Id.* Germantown Cab appealed to the trial court, arguing that vehicle G-13 was outside of the PPA's power to regulate at the time the citation was issued, as the cab was not providing taxi services within Philadelphia at the time the car was impounded. Germantown Cab further argued that the PPA's regulations, which applied to cabs in Philadelphia, were in conflict with regulations of the Public Utility Commission (PUC), which applied to all other cabs in the Commonwealth, and compliance with both was unreasonable for being unduly burdensome on the company.

In an order and opinion issued on May 13, 2016, the trial court reversed the decision of the PPA Hearing Officer, concluding there was no evidence to support that vehicle G-13 was providing taxi cab service in Philadelphia at the time it was impounded. The trial court noted its finding in a

---

[2] 52 Pa. Code § 1017.5(b)(12).

prior decision that the regulations of the PPA conflicted with those of the PUC,[3] that the disharmony in regulations created an unreasonable economic hardship for Germantown Cab and, as a result, the trial court would not affirm the imposition of a fine. (R.R. at 390a.) The PPA appealed[4] the trial court's decision.

In support of its argument, the PPA asserts the trial court erred in finding that vehicle G-13 was not subject to the regulations of the PPA at the time the citation was issued, and that the regulation at issue was unreasonable as it imposed an undue burden and economic hardship on partial-rights cabs.

Similar issues were addressed by this Court in *Bucks County Services v. Philadelphia Parking Authority* (Pa. Cmwlth., No. 584 MD 2011, filed November 28, 2016) (single-judge opinion by Brobson, J.).[5] *Bucks County Services* involved a challenge brought by several cab companies providing partial-rights services in Philadelphia, including Germantown Cab. The companies challenged the authority of the PPA to regulate partial-rights cabs under the same regulatory scheme as medallion cabs operating in Philadelphia. This Court found that the PPA had not taken into consideration the differences between medallion

---

[3] That decision, rendered in *Germantown Cab Company v. Philadelphia Parking Authority,* is currently on appeal to this Court and docketed at 2565 C.D. 2015.

[4] Under the appellate standard of review pertaining to administrative agency adjudications, we must affirm the adjudication unless it violates the constitutional rights of the appellant, or is not in accordance with law, or the statutory provisions controlling practice and procedure of Commonwealth agencies have been violated in the proceedings before the agency, or any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S.§704. *Sule v. Philadelphia Parking Authority,* 26 A.3d 1240, 1242 n. 4 (Pa. Cmwlth. 2011). When regulating taxis and limousines, the PPA is a Commonwealth Agency. *Blount v. Philadelphia Parking Authority,* 965 A.2d 226, 234 (Pa. 2009).

[5] Notices of Appeal to the Pennsylvania Supreme Court were filed by the PPA on January 23, 2017 and the PUC on February 2, 2017 and docketed at 8 E.A.P. 2017 and 9 E.A.P. 2017, respectively.

3

taxi cabs and partial-rights cabs when enacting its 2011 regulations. The resulting regulations placed the same burdens on partial-rights and medallion cabs despite material differences between the services provided, and benefits enjoyed, by each. This Court concluded that this placed a disproportionate burden on partial-rights cabs and evidenced a purely arbitrary exercise of the PPA's rulemaking power, and further deemed all the regulations promulgated by the PPA in 2011 invalid, as they made no distinction between partial-rights cabs and medallion cabs. Accordingly, the decision held the regulations invalid as to partial-rights taxi cabs. *Id.,* Slip Op. at 38.

In a January 3, 2017 Memorandum and Order, this Court amended its first order in *Bucks County Services*, and declared only certain of the PPA's 2011 regulations as invalid and unenforceable with respect to partial-rights taxi cabs. This includes, among several others, the requirement of a protective shield under 52 Pa. Code §1017.5(b)(12).

We reaffirmed the amended holding of *Bucks County Services* in *Germantown Cab Company v. Philadelphia Parking Authority*, __ A.3d __, (Pa. Cmwlth., No. 993 CD 2016, filed March 6, 2017) 2017 WL 875285. In that case, the trial court held that Germantown Cab was subject to the PPA's regulations because it was acting outside its PUC certification. However, PPA failed to explain why this would subject Germantown Cab to a fine for not having a protective shield. Consequently, this Court, relying on the invalidation of the requirement of a protective shield in *Bucks County Services*, reversed the trial court, and held that the PUC does not require partial rights operators to have a protective shield.

> Stated otherwise, assuming Germantown Cab operated outside the service area in its PUC certificate, this does not subject it to a medallion taxicab regulation. Instead, it becomes a taxicab operating

4

outside its PUC certificate and subject to penalties [such] as [those] delineated in [cases wherein PPA fines cab companies for operating outside of its designated service area]. This is the more appropriate response to unlicensed activity.

*Germantown Cab Company*, __ A.3d at __, slip op. at 9, 2017 WL 875285, at *5.

The opinion issued in *Germantown Cab Company*, __ A.3d __, 2017 WL 875285, and the logic behind it are dispositive of the present case. As we adopt its reasoning, the decision of the PPA holding Germantown Cab liable for violating the shield requirement cannot stand.

As such, for the reasons stated herein, the order of trial court is affirmed.

_____
JOSEPH M. COSGROVE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Germantown Cab Company   :
             :
      v.     :
             :
Philadelphia Parking Authority, : No. 963 C.D. 2016
       Appellant :

## O R D E R

   AND NOW, this 20th day of April, 2017, the order of the Philadelphia County Court of Common Pleas is affirmed.

           _____
           JOSEPH M. COSGROVE, Judge