IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Germantown Cab Company        :
                              :
              v.              : No. 1083 C.D. 2016
                              : No. 1084 C.D. 2016
Philadelphia Parking          : Submitted:  January 27, 2017
Authority,                    :
                              :
              Appellant       :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  August 15, 2017


          The Philadelphia Parking Authority (PPA) appeals a June 10, 2016 order of the Court of Common Pleas of Philadelphia County (trial court) insofar as it reversed the decision of a PPA Hearing Officer to uphold three citations issued to Germantown Cab Company (Germantown), a partial rights[1] taxicab operator, for violating PPA regulations.

          On March 8, 2014, Supervisor John Broggi (Broggi) of the PPA Taxi and Limousine Division (TLD) issued three citations to Germantown: T-16568 (as amended) for violations of 52 Pa. Code §§1011.3(a)(1) (expiration of taxicab

--------

[1] A partial rights taxicab is defined as "[a] taxicab authorized by the [PPA] to provide common carrier call or demand transportation of persons for compensation on a non-citywide basis . . . ." 52 Pa. Code §1011.2.

driver's certificate) and 1011.9(b) (certificate holder's responsibility to supervise drivers); T-16569 for a violation of 52 Pa. Code §1017.5(b)(12) (requiring a protective shield separating front and back seats); and T-16570 for violations of 52 Pa. Code §§1017.5(b)(15), (16) (taxicab must be clean; spare tires must be covered). Several days later, Broggi issued citation T-16574 for a violation of 52 Pa. Code §1017.36 (prohibiting a taxicab removed from service from resuming service prior to a successful PPA compliance inspection). Germantown appealed all of the citations.

At a February 26, 2015 hearing, TLD relied on Broggi's inspection report for its case. Germantown presented no witnesses or evidence but argued that the PPA could not establish jurisdiction because the taxicab had not been registered with the PPA. Germantown also asserted arguments it had raised as part of a general challenge to PPA regulations in *Bucks County Services, Inc. v. Philadelphia Parking Authority*, (Pa. Cmwlth. 2016, No. 584 M.D. 2011, filed January 3, 2017) (single-judge opinion by Brobson, J.),[2] which matter was then pending.

Based on the TLD inspection report, the PPA Hearing Officer found that the taxicab, G-47, had been providing service in Philadelphia and was therefore subject to the PPA's jurisdiction. The Hearing Officer concluded that TLD had proved by a preponderance of the evidence that Germantown was liable for all violations alleged in the citations. By order dated April 14, 2015, the PPA

---

[2] Notices of Appeal to the Pennsylvania Supreme Court were filed by the PPA on January 23, 2017, and the Pennsylvania Public Utilities Commission (PUC) on February 2, 2017, and docketed at 8 EAP 2017 and 9 EAP 2017, respectively.

Hearing Officer imposed civil penalties and administrative costs totaling $2,025.00. Germantown appealed to the trial court.

The trial court first noted that because the taxicab is a partial rights taxicab, it may be regulated by the PUC and/or the PPA when it is operating within certain areas of Philadelphia. The trial court observed that it had previously refused to enforce PPA regulations that conflict with PUC regulations absent evidence that the taxicab had been operating outside its PUC certificate, reasoning that such enforcement creates an unreasonable economic hardship on a partial rights operator.[3] By order dated June 9, 2016, the trial court affirmed the PPA as to citation T-16570, on the grounds that the regulation at issue did not conflict with any PUC regulation or impose any undue economic hardship. Trial Court op. at 4. However, after determining that the PPA and PUC regulations conflicted and that

_____

[3] The trial court explained:

> [T]his Court has reasoned that if a taxi is providing service within the City of Philadelphia pursuant to its PUC certificate, the statute gives the PPA the authority to enforce PPA regulations as long as such enforcement is within PPA's jurisdiction and the enforcement does not create an unreasonable conflict between the taxi's PUC–issued certificate and PPA regulations. In order for a PUC certificate, including one granting partial rights, to have any meaning, the regulations imposed by PPA cannot conflict with those of the PUC in such a way that creates unreasonable economic hardship or eviscerates the PUC certificate.

> Accordingly . . . in order for the PPA to have the jurisdiction to properly enforce its *conflicting* regulation . . . record evidence must establish that the at-issue taxi was providing point-to-point service within the City of Philadelphia *and* outside of its PUC certificate at the time of the violation.

Trial Court op. at 2 (emphasis in original).

the PPA failed to establish that the taxicab had been operating in Philadelphia outside its PUC certificate, the trial court reversed the PPA's order as to the remaining citations.

On appeal to this Court,[4] the PPA argues that the trial court ignored the PPA's exclusive jurisdiction to regulate partial rights taxicab service within the City of Philadelphia. We affirm the trial court's order on other grounds.[5]

In *Bucks County Services*, this Court addressed a challenge to PPA regulations brought by several taxicab companies providing partial-rights services in Philadelphia, including Germantown. The companies challenged the authority of the PPA to regulate partial-rights taxicabs under the same regulatory scheme as medallion cabs operating in Philadelphia. This Court found that the PPA failed to consider the differences between medallion taxicabs and partial-rights taxicabs when enacting its 2011 regulations, which placed the same burdens on partial-rights and medallion taxicabs. This Court concluded that the regulations placed a disproportionate burden on partial-rights taxicabs and evidenced a purely arbitrary exercise of the PPA's rulemaking power. The Court initially held that all of the regulations promulgated by the PPA in 2011 were invalid as to partial-rights taxicabs. Subsequently, in a January 3, 2017 Memorandum and Order, this Court

---

[4] Our scope of review of an agency's decision where the trial court does not take any additional evidence is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Lindros Taxi, LLC v. Philadelphia Parking Authority*, 143 A.3d 443, 446 n.5 (Pa. Cmwlth. 2016). The PPA functions as an agency of the Commonwealth in regulating taxicabs. *Blount v. Philadelphia Parking Authority*, 965 A.2d 226, 234 (Pa. 2009).

[5] An appellate court may affirm the trial court for grounds different from those relied upon by the trial court when other grounds for affirmance exist. *Germantown Cab Company v. Philadelphia Parking Authority*, 158 A.3d 731, 732 n.1 (Pa. Cmwlth. 2017).

amended its original order in *Bucks County Services, Inc.* to hold that the nine specific regulations challenged in that appeal, including 52 Pa. Code §§1011.3 (annual renewal of driver's certificate) and 1017.5(b)(12) (requiring protective shield), were invalid and unenforceable with respect to partial-rights taxicabs.[6]

Thereafter, in *Germantown Cab Company v. Philadelphia Parking Authority*, 155 A.3d 669, 673-74 (Pa. Cmwlth. 2017), we reversed a trial court's order upholding a fine imposed on Germantown by the PPA for a violation of 52 Pa. Code §1017.5(b)(12) (protective shields). In doing so, we adopted the reasoning in *Bucks County Services, Inc.* and reaffirmed its holding. We stated:

> Recently, this Court held that the [PPA] cannot impose its regulations on partial rights taxicabs operating in Philadelphia. *[Bucks County Services, Inc.].* In that case, the taxicab companies argued that it was unreasonable and unduly burdensome for the [PPA] to regulate their operations; they were only subject to regulation by the PUC. This Court found that the regulations treated medallion and partial rights taxicabs identically, without any consideration of the material differences in their operations. Accordingly, the Court held that the [PPA's] regulations were invalid and unenforceable to partial rights taxicabs.
>
> On January 3, 2017, this Court amended its original order in *Bucks County Services, Inc*. and declared nine specific Parking Authority regulations invalid and unenforceable . . . [including 52 Pa. Code §1017.5(b)(12)].

155 A.3d at 673 (footnote omitted). We further noted that

---

[6] Also included were regulations related to vehicle age and mileage requirements, 52 Pa. Code §1717.4; pre-service inspections, 52 Pa. Code §1017.2; PPA certificates of inspection, 52 Pa. Code §1017.32(d); PPA biannual inspections, 52 Pa. Code §1017.31; meter seal inspections, 52 Pa. Code §1017.21(b); driver certifications, 52 Pa. Code §§1021.2; 1021.4(3), 1021.4(7), 1021.7, 1021.8, and 1021.9; and out-of-service designations, 52 Pa. Code §1003.32.

5

> [t]he PUC does not require partial rights operators to have a protective shield, and this Court has invalidated the [PPA's] protective shield regulation as it applies to partial rights cabs. Stated otherwise, assuming Germantown Cab operated outside the service area in its PUC certificate, this does not subject it to a medallion taxicab regulation. Instead, it becomes a taxicab operating outside its PUC certificate and subject to penalties as delineated in *Germantown Cab Company v. Philadelphia Parking Authority* [(Pa. Cmwlth., No. 461 C.D. 2012, filed January 22, 2013)].

155 A.3d at 674. *See also Germantown Cab Company v. Philadelphia Parking Authority*, 158 A.2d 731 (Pa. Cmwlth. 2017) (affirming trial court's reversal of a fine issued for failure to install a protective shield based on the holding in *Bucks County Services, Inc.* that 52 Pa. Code §1017.5(b)(12) was unenforceable). Following these decisions, we affirm the trial court's order as to citation T-16569.

With respect to citation T-16568, issued for violations of 52 Pa. Code §§1011.3(a)(1) (expiration of taxicab driver's certificate) and 1011.9(b) (certificate holder's responsibility to supervise drivers), we find the rationale set forth in *Bucks County Services, Inc.*, to be persuasive,[7] and we adopt its holding that the regulation at 52 Pa. Code §1011.3 is invalid and unenforceable. Further, because, in this case, the alleged violation of 52 Pa. Code §1011.9(b) was premised on a violation of 52 Pa. Code §1011.3, we affirm the trial court's reversal of the PPA's decision with respect to citation T-16568.

---

[7] An unreported opinion of this court may be cited and relied upon when it is relevant under the doctrine of law of the case, res judicata or collateral estoppel. Parties may also cite an unreported panel decision of the Court issued after January 15, 2008, for its persuasive value, but not as binding precedent. A single-judge opinion of the Commonwealth Court, even if reported, shall be cited only for its persuasive value, not as a binding precedent. Section 414 of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414.

The remaining citation, T-16574, alleges a violation of 52 Pa. Code §1017.36,[8] specifically, the operation of a taxicab that was removed from service by the PPA. As the trial court observed, the reasons PPA placed Germantown's PPA certificate out of service are not set forth in the record. However, in *Bucks County Services, Inc.*, this Court also invalidated the regulation at 52 Pa. Code §1003.32 (out of service designation), which was the source of the PPA's authority to place a vehicle in out-of-service status. The rationale underlying the Court's determination in *Bucks County Services, Inc.* as to the invalidity of 52 Pa. Code §1003.32 is persuasive, and, given this Court's prior determinations, we affirm the trial court's reversal of the PPA's order as to citation T-16574.

Accordingly, the trial court's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[8] The regulation states: "If a taxicab fails any authority inspection or is removed from taxicab service for any reason, the taxicab may not resume taxicab service until a compliance inspection is successfully completed by the Authority." 52 Pa. Code §1017.36.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Germantown Cab Company :
                            :
         v.            : No. 1083 C.D. 2016
                            : No. 1084 C.D. 2016
Philadelphia Parking    :
Authority,                 :
                            :
            Appellant   :

## O R D E R

AND NOW, this 15th day of August, 2017, the order of the Court of Common Pleas of Philadelphia County, dated June 10, 2016, is affirmed.

_____
MICHAEL H. WOJCIK, Judge