# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Germantown Cab Co.                     :
                                       :
            v.                         :    No. 962 C.D. 2016
                                       :    Submitted:  June 30, 2017
The Philadelphia Parking Authority,    :
                    Appellant          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                     **FILED:  August 18, 2017**

The Philadelphia Parking Authority (PPA) appeals from a May 13, 2016 Order of the Court of Common Pleas of Philadelphia County (trial court), which affirmed in part and reversed in part the decision of a PPA Hearing Officer finding Germantown Cab Company (Germantown Cab) liable for a $55,025 fine for 157 violations of Section 1017.33 of Title 52 of the Pennsylvania Code.[1]  Specifically, the trial court held that 156 of the 157 citations had not been properly consolidated,

---

[1] Section 1017.33  provides:

> If a taxicab fails to appear for an inspection as provided in § 1017.31 (relating to vehicle inspections by the Authority), the certificate holder may be subject to a penalty through issuance of a formal complaint and an out of service designation under § 1003.32 (relating to out of service designation).

52 Pa. Code § 1017.33.

and, thus, it addressed only a single citation. The trial court upheld the Hearing Officer's finding that Germantown Cab committed a single violation of Section 1017.33, but found the $55,025 fine to be unreasonable. PPA argues that the trial court should have considered all of the 157 citations because the Hearing Officer properly consolidated them, and that the trial court should have affirmed them all, making the $55,025 fine, consisting of $350 for each citation, reasonable. Upon review, we affirm in part and reverse in part.

Germantown Cab operates a fleet of partial-rights or non-medallion taxicabs within parts of the City of Philadelphia.[2] (R.R. at 226a-28a.) On June 11, 2014, PPA cited Germantown Cab under Citation No. T-17223 for failing to present its cab, G-21, for biannual inspection on June 10, 2014, in violation of Section 1017.33. (*Id.* at 15a.)

A hearing was held before a Hearing Officer, during which Germantown Cab argued that Section 1017.33 is an unreasonable regulation. (*Id.* at 72a.) Following the hearing, the Hearing Officer issued a decision noting that Citation No. T-17223 had been consolidated with 156 other citations identified in Exhibit A appended to the decision. PPA had cited Germantown Cab for each vehicle it had failed to present for PPA inspection because "[t]he parties agree[d] that the facts and legal arguments in all of the cases listed in Exhibit A are identical" with the exception of the cab number, date of inspection, and citation number. (*Id.* at 48a, 54a.) Therefore, the Hearing Officer incorporated all of the evidence and argument it had heard over two days on January 21, 2015, and February 6, 2015, involving different citations, into all of the cases. The Hearing Officer rejected Germantown

---

[2] In *Bucks County Services, Inc. v. Philadelphia Parking Authority* (*Bucks County Services I*), 71 A.3d 379, 382-84 (Pa. Cmwlth. 2013), we explained the difference between partial-rights or non-medallion taxicabs and medallion taxicabs.

Cab's argument that Section 1017.33 is unreasonable and held that it is a valid and enforceable regulation, relying on *Bucks County Services, Inc. v. Philadelphia Parking Authority* (*Bucks County Services II*), 104 A.3d 604 (Pa. Cmwlth. 2014). Thus, the Hearing Officer sustained the 157 citations for violations of Section 1017.33 against Germantown Cab, and the Hearing Officer imposed a $350 fine for each violation, plus a $75 administration fee, for a total fine of $55,025. (R.R. at 55a-56a.)

Germantown Cab appealed to the trial court, arguing that Section 1017.33 is invalid and unenforceable because it, and other PPA regulations, regulate medallion and non-medallion taxicabs the same without giving the latter the same benefits as the former. As a result, it is extremely hard for non-medallion taxicabs to comply with those regulations. (*Id.* at 250a, 252a.)

After argument, the trial court affirmed in part and reversed in part the Hearing Officer's decision, reversing the fine of $55,025 as unreasonable. In its opinion, the trial court explained that, because the other citations "were never consolidated by either Germantown or the PPA, **the only matter before this Court is [C]itation No. T-17223**." (Trial Ct. Op. at 2 (emphasis in original).) The trial court wrestled with the hardship presented by conflicting regulations of the PPA and the Public Utility Commission (PUC), recognizing that many of the arguments before it were also "simultaneously before other Courts, but in a different procedural posture." (*Id.* at 4 n.6.) Based on the evidence before the trial court, and its understanding of this Court's precedent, it affirmed the single violation of Section 1017.33 under Citation No. T-17223 for failing to submit to the PPA inspection, but reversed the entire $55,025 fine imposed, "as it is unreasonable and unsupported by the record." (*Id.* at 5.)

3

On appeal to this Court,[3] PPA raises three arguments. First, PPA argues that Germantown Cab is subject to PPA's inspection requirements, and that its inspection requirements are properly promulgated and reasonable. Second, PPA contends that the trial court should not have undone the consolidation of the 157 citations against Germantown Cab because the Hearing Officer had properly consolidated them. All 157 citations were of a "similar nature" in that, as the Hearing Officer noted, "the facts and legal arguments in all cases . . . are identical." (PPA's Br. at 14; R.R. at 54a.) Third, PPA argues that the $55,025 fine was reasonable, and, thus, the Hearing Officer's order finding Germantown Cab liable for all 157 citations and imposing a fine of $55,025 should be affirmed.

Initially, although Germantown Cab has not cross-appealed from that portion of the trial court's Order finding that Germantown Cab committed a single violation of Section 1017.33, PPA has raised the question of Germantown Cab's liability for committing all 157 violations of Section 1017.33, thereby placing them all properly before us. PPA has raised the propriety of the trial court considering only a single citation and not **all** of the 157 citations, as well as the trial court's reversal of the $55,025 fine, consisting of a $350 fine for each of the 157 citations, plus a $75 administration fee. By raising the question of the validity of the entire fine, PPA has also, necessarily, raised the question of the validity of the regulation upon which Germantown Cab was fined. PPA recognizes this, and in fact argues, as one of its three issues on appeal, that the trial court erred because Germantown

---

[3] On appeal, the adjudication of an administrative agency will not be disturbed unless it violates the constitutional rights of the appellant, is not in accordance with law, the statutory provisions controlling practice and procedure of Commonwealth agencies has been violated in the proceedings before the agency, or any finding made by the agency and necessary to support its adjudication is not supported by substantial evidence. 2 Pa. C.S. § 704; *Sule v. Phila. Parking Auth.*, 26 A.3d 1240, 1242 n.4 (Pa. Cmwlth. 2011).

4

Cab was cited under a **properly promulgated and reasonable** regulation, which Germantown Cab disputes. If the regulation is invalid, and it is, as our precedent has now made clear, then all the citations and total fine are also invalid. We therefore address these issues in turn.

Subsequent to the trial court's opinion, this Court, in *Bucks County Services v. Philadelphia Parking Authority* (Pa. Cmwlth., No. 584 M.D. 2011, filed November 28, 2016) (Brobson, J., single-judge opinion), *as amended* by Memorandum and Order dated January 3, 2017,[4] held that certain PPA regulations, including 52 Pa. Code § 1017.31, which forms the basis for the penalty imposed pursuant to Section 1017.33, were unreasonable because they placed the same burdens on non-medallion taxicabs and medallion taxicabs despite there being material differences in the services they provide and the benefits they enjoy. As a result, those regulations placed a disproportionate burden on non-medallion taxicabs and evidenced a purely arbitrary exercise of PPA's rulemaking power. This Court, thus, **invalidated** those regulations, including Section 1017.31, which was specifically identified in this Court's January 3, 2017 Memorandum and Order, amending the Memorandum Opinion of November 28, 2016. We have since reaffirmed *Bucks County Services*. *See Germantown Cab Co. v. Phila. Parking Auth.*, 158 A.3d 731, 733-34 (Pa. Cmwlth. 2017) (stating that this Court had previously reaffirmed the amended holding of *Bucks County Services*); *Germantown Cab Co. v. Phila. Parking Auth.*, 155 A.3d 669, 673 (Pa. Cmwlth. 2017), *petition for allowance of appeal pending* (Pa., No. 145 EAL 2017, filed Apr. 5, 2017) (explaining that subjecting Germantown Cab to a fine for not having

---

[4] An appeal of this decision is currently pending before the Pennsylvania Supreme Court at Docket No. 9 EAP 2017.

a protective shield, contrary to PPA regulations, would be inconsistent with this Court's decision in *Bucks County Services*, which had invalidated that regulation).

Although this Court decided *Bucks County Services* after PPA had filed its brief, Germantown Cab cited to *Bucks County Services* in its responsive brief.[5] PPA, however, did not file a reply brief and, thus, it has not addressed the significance of our decision in *Bucks County Services*. We conclude, as Germantown Cab correctly contends, that *Bucks County Services* controls here and is dispositive. Therefore, Germantown Cab is not subject to PPA's inspection requirements. Since this Court has held that Sections 1017.31 and 1017.33 are invalid, a citation issued pursuant thereto is also invalid and, thus, we reverse the trial court's affirmance of the single violation of Section 1017.33 under Citation No. T-17223 for failing to submit to the PPA inspection.

We next address the issue of consolidation and PPA's argument that the Hearing Officer properly consolidated the 157 citations which is based on an exhibit appended to PPA's brief but not part of the certified record.[6] An appellate court "is limited to considering only those facts that have been duly certified in the record on appeal." *B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012). A document "attached to a brief as an appendix or reproduced record may

---

[5] Generally, "we apply the law which is in effect at the time of the appellate decision" and "adhere to the principle that, a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." *5708 K&T, Inc. v. Pa. Liquor Control Bd.*, 951 A.2d 1232, 1237 (Pa. Cmwlth. 2008) (internal quotation marks and citation omitted).

[6] The exhibit consists of a transcript from a February 6, 2015 hearing before the Taxicab and Limousine Division of the PPA that was docketed under a different number than this case but involved the same violation, albeit for a different cab owned by Germantown Cab than the one cited under Citation No. T-17223.

6

not be considered by an appellate court when [it is] not part of the certified record." *Id.* Thus, we cannot rely on PPA's exhibit in deciding this issue.

The trial court used a case-by-case analysis, which could not be performed on the 157 citations, as they were consolidated without factual records. However, under *Bucks County Services*, our most recent precedent, a case-by-case analysis of the factual record is not required. Section 1005.51 of Title 52 of the Pennsylvania Code authorizes a Hearing Officer, "with or without motion" to order proceedings consolidated if they involve a common question of law or fact. 52 Pa. Code § 1005.51. Because at issue in all of these citations is a violation of Section 1017.33, there is a common question of the validity of that regulation. Therefore, PPA is correct that the Hearing Officer had authority to order the citations to be consolidated, and we will reverse the trial court on this issue.

PPA's final argument is that the $55,025 fine, which consisted of a $350 fine for each of the 157 violations of Section 1017.33, plus a $75 administration fee, was reasonable. However, Section 1017.33 was not a valid basis upon which to cite Germantown Cab. The penalty cannot be imposed unless Section 1017.33 is valid, and, since Section 1017.33 is invalid, the $55,025 fine must be invalidated as well, albeit for reasons other than those stated by the trial court.[7] *See Germantown*

---

[7] The trial court did not have the benefit of our decision in *Bucks County Services* when it decided this case and, thus, the trial court did not have the opportunity to address whether, in light of our precedent, Section 1017.33 was properly promulgated and reasonable. We could remand this matter to the trial court to consider the merits in light of *Bucks County Services*, but we decline to do so because it would be a waste of both judicial and party resources since only a question of law is involved and our precedent is clear. *See Otte v. Covington Twp. Rd. Supervisors*, 650 A.2d 412, 414 (Pa. 1994) (stating that this Court was within its rights not to order a remand where only a question of law was involved and this Court "must be and is free to resolve such questions *de novo*"); *Hainsey v. Pa. Liquor Control Bd.*, 602 A.2d 1300, 1308 (Pa. 1992) (stating that it would be a "waste of judicial economy" to remand for the Board's determination of the sufficiency of the evidence where the record was clear that the Board offered insufficient evidence to establish any violation); *Smith v. Dep't of Transp., Bureau of*

*Cab Co.*, 158 A.3d at 733-34 (holding that the trial court correctly refused to affirm PPA's imposition of a $350 fine for Germantown's violation of a PPA regulation requiring a protective shield, which regulation this Court had previously invalidated).[8] We, therefore, affirm the trial court on this issue.

Accordingly, the Order of the trial court is affirmed in part and reversed in part.

**RENÉE COHN JUBELIRER,** Judge

---

*Driver Licensing* (Pa. Cmwlth., No. 1493 C.D. 2010, filed Mar. 17, 2011), slip op. at 2 (stating that "[i]n the interest of judicial economy . . . we will decide the appeal without remand because the record shows that [licensee] cannot prevail on the issue of whether he should be permitted to file an appeal *nunc pro tunc*"); *Masloff v. Bascovksy*, 595 A.2d 224, 228 (Pa. Cmwlth. 1991) (declining, "in the interest of judicial economy," to remand matter for trial court to address an alternative legal question that was raised before it but not addressed, because the question was one of law); *Downes v. Unemployment Comp. Bd. of Review*, 456 A.2d 1107, 1108 n, 1 (Pa. Cmwlth. 1983) (denying claimant's request for an additional fact-finding hearing on the issue of good cause since the facts before this Court were "clear and consequently a remand would not be conducive to administrative or judicial economy.").

[8] In addition, an administrative penalty may be overturned if the agency manifestly and flagrantly abused its discretion or executed its duties or functions in a purely arbitrary manner. An administrative agency abuses its discretion even when it imposes a penalty that is within statutory limits if the penalty is manifestly excessive so as to inflict too severe a punishment. *Eckhart v. Dep't of Agric.*, 8 A.3d 401, 407 (Pa. Cmwlth. 2010).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Germantown Cab Co. | : | |
| | : | |
| v. | : | No. 962 C.D. 2016 |
| | : | |
| The Philadelphia Parking Authority, | : | |
| Appellant | : | |

## O R D E R

**NOW**, August 18, 2017, the Order of the Court of Common Pleas of Philadelphia County, dated May 13, 2016, is **AFFIRMED**, in part, and **REVERSED**, in part. The Order is **AFFIRMED** to the extent that the $55,025 fine was found to be unreasonable. The Order is **REVERSED** to the extent that only Citation No. T-17223 was considered and Citation No. T-17223 was sustained.

_____
**RENÉE COHN JUBELIRER,** Judge